487 F.2d 1300
 Mrs. Laura KAISER, wife of/and Ignatius J. Barreca,
Plaintiffs-Appellants-Cross Appellees,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees,
Henry Brien, Jr., et al.,
Defendants-Appellees-Cross Appellants.
 No. 73-2653 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 11, 1974.
 
 Herman M. Schroeder, New Orleans, La., for plaintiffs-appellants-cross appellees.
 Fred E. Salley, Edward J. Koehl, Jr., New Orleans, La., for Brien, Jr. and Travelers Ins. Co.
 Cornelius G. Van Dalen, New Orleans, La., for G. Tranchina.
 W. K. Christovich, New Orleans, La., for Coastal Sand & Gravel and others.
 Robert J. Young, Jr., New Orleans, La., for Great American Ins.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The parents of a minor child who was killed as a result of a boating accident appeal this admiralty action on two grounds relating to their claim for damages.
 
 
 2
 First, they claim recovery for loss of love and affection. This point was settled contrary to plaintiffs' contention by our recent cases of Canal Barge Company, Inc. v. Griffith, 480 F.2d 11 (5th Cir. 1973) and Hueschen v. Fluor Ocean Services, 487 F.2d 1401 (5th Cir. 1973) which held that there can be no recovery for loss of love and affection in a death action brought under the general maritime law.
 
 
 3
 Second, they claim that recovery should have been given for pain, suffering, and mental anguish prior to death. No such contention was made in the trial court and it appears from the record that there is insufficient evidence to support this ground of appeal.
 
 
 4
 This decision which renders plaintiffs liable for costs of this appeal makes it unnecessary for this Court to consider the merits of the cross-appeal.
 
 
 5
 Affirmed.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I